NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICARDO JOSE CALDERON LOPEZ,**

*Plaintiff-Appellant*

**v.**

**TIGRAN GUMUSHYAN, DARRYL ONIZUKA, DOE VAZQUEZ,**

*Defendants*

**COMMISSIONER, UNITED STATES**

*Defendants-Appellees*

---

2025-1765

---

Appeal from the United States District Court for the Central District of California in No. 2:15-cv-03063-DSF-AGR, Judge Dale S. Fischer.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

The United States moves to dismiss this appeal for lack of jurisdiction stating that Ricardo Jose Calderon Lopez

opposes the motion.  Mr. Calderon Lopez has not filed a response.

On April 24, 2015, Mr. Calderon Lopez filed the underlying complaint in the United States District Court for the Central District of California (CDCA) seeking social security benefits.  The case was eventually transferred to the United States District Court for the Northern District of California (NDCA).  In May 2017, the NDCA entered judgment dismissing the case and, in June 2017, granted Mr. Calderon Lopez leave to proceed *in forma pauperis* on appeal.  The United States Court of Appeals for the Ninth Circuit affirmed the NDCA's judgment in 2018.

Since that time, Mr. Calderon Lopez has unsuccessfully filed an appeal at this court from the NDCA's June 2017 order, various requests for relief at the CDCA, and another appeal at the Ninth Circuit, which was dismissed "for lack of jurisdiction, and as duplicative of [his earlier] closed appeal." Dkt. No. 87 at 2.  Undeterred, Mr. Calderon Lopez in January 2025 moved the CDCA for "reassignment of judicial officers," Dkt. No. 100 at 1, which was denied on April 30, 2025.  He now attempts to appeal that order to this court.

As we previously informed Mr. Calderon Lopez,[1] our jurisdiction to review district court decisions is limited to cases involving the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see id.* § 1295(a)(4)(C); and cases involving certain damages claims against the United States "not exceeding $10,000 in amount," *id.* § 1346(a)(2), *see id.* § 1295(a)(2).  Mr.

---

[1]    *See Calderon Lopez v. Off. of the Sec'y of State*, Appeal No. 2024-1964, ECF No. 4 at 2 n.1 (Fed. Cir. July 23, 2024) (collecting cases).

Calderon Lopez's case, seeking social security benefits, does not fall within that jurisdiction. *See* 42 U.S.C. § 405(h).

When we lack jurisdiction, we may transfer to another court if it is in the interest of justice, where "the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. Even assuming this appeal could have been brought in the Ninth Circuit, we find that transfer would not be in the interest of justice.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted, the appeal is dismissed, and any other pending motion is denied.

(2) Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 8, 2025
Date